UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

March 26, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Sara H. v. Leland Dudek, Acting Commissioner, Social Security Administration*[1]
      Civil No. 23-3341-CDA

Dear Counsel:

On December 8, 2023, Plaintiff Sara H. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). I have considered the record in this case (ECF 7) and the parties' briefs (ECFs 10, 11, 12). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case to the Commissioner for further consideration. This letter explains why.

I.   **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on October 29, 2020, alleging a disability onset of August 6, 2020. Tr. 267-80, 309. Plaintiff's claims were denied initially and on reconsideration. Tr. 173-88, 195-206. On March 9, 2023, an Administrative Law Judge ("ALJ") held a hearing. Tr. 42-74. Following the hearing, on April 4, 2023, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 23-37. The Appeals Council denied Plaintiff's request for review, Tr. 1-4, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against "Commissioner of Social Security" on December 8, 2023. ECF 1. At that time, Kilolo Kijakazi was the Acting Commissioner of the Social Security Administration. Leland Dudek became the Acting Commissioner of Social Security on February 16, 2025. Accordingly, Commissioner Dudek has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Sara H. v. Dudek*
Civil No. 23-3341-CDA
March 26, 2025
Page 2

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ must evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity since August 6, 2020, the alleged onset date." Tr. 28. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "obesity, degenerative disc disease, osteoarthritis of left hip and left knee, and epilepsy." Tr. 28. The ALJ did not find that Plaintiff suffered from any non-severe impairments. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 29. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently balance, stoop, or crouch; and occasionally kneel or crawl. She is limited to occasional use of the left lower extremity for pushing/pulling or operation of foot controls. She needs to avoid concentrated exposure to vibration. She needs to avoid work at unprotected heights or dangerous moving machinery (i.e. forklifts).

Tr. 30. The ALJ determined that Plaintiff was able to perform past relevant work as a housekeeping cleaner (DOT[3] # 323.687-014) as actually and generally performed, and that Plaintiff could also perform other jobs that existed in significant numbers in the national economy. Tr. 35-36. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 36.

---

[3] The "DOT" is the Dictionary of Occupational Titles. "The *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Sara H. v. Dudek*
Civil No. 23-3341-CDA
March 26, 2025
Page 3

### III. LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

### IV. ANALYSIS

Plaintiff argues that the ALJ erroneously evaluated the medical opinions "based on a critique of Plaintiff's activities rather than the articulated consideration of supportability and consistency that the regulations require." ECF 10, at 8-16; ECF 12, at 1-3. Defendant counters that substantial evidence supports the ALJ's RFC assessment, including the ALJ's evaluation of the medical opinions. ECF 11, at 5-16.

Here, the ALJ failed to properly evaluate the medical opinion of Dr. Venkataraman. When assessing a claim filed on or after March 27, 2017, an ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" in the record. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Because "[t]he factors of supportability . . . and consistency . . . are the most important factors" in this analysis, an ALJ must "explain how [they] considered" those factors in their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Relevant to this case, "supportability" is "the objective medical evidence and supporting explanations presented by a medical source" to support the source's opinion. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1). Moreover, it is not enough to simply "acknowledge the factors; they must be addressed. 'Mere acknowledgment of the regulation's existence is insufficient and falls short of the ALJ's duties.'" *Billy W. v. Kijakazi*, No. 21-0036, 2023 WL 2586123, at *3 (W.D. Va. Mar. 21, 2023) (quoting *Shelley C. v. Comm'r of Soc. Sec.*, 61 F.4th 341, 354 (4th Cir. 2023)).

To resolve this appeal, the Court looks no further than the ALJ's supportability analysis. The ALJ failed to articulate how the "objective medical evidence and supporting explanations presented by" Dr. Venkataraman affected the persuasiveness of her opinion. 20 C.F.R. § 404.1520c(c)(1). The ALJ failed to assess the supportability of Dr. Venkataraman's opinion. *See* Tr. 33. In finding Dr. Venkataraman's opinion "partially persuasive," the ALJ assessed only the consistency of her opinion. *See* Tr. 33. For example, the ALJ concluded that Dr. Venkataraman's opined limitation that Plaintiff could "occasionally push/pull with the left lower extremity[,]" was consistent with Plaintiff's osteoarthritis in the left hip and knee. Tr. 33. The ALJ also concluded that the limitation that Plaintiff "should avoid all exposure to hazards" was

consistent with Plaintiff's history of epilepsy. Tr. 33. However, the ALJ determined that Dr. Venkataraman's opined limitation that Plaintiff could "stand and/or walk for 2 hours total[,]" was "inconsistent with the evidence, which shows that [Plaintiff] had a steady and symmetric [gait] without an assistive device." Tr. 33. The ALJ further concluded that Plaintiff was able to walk her dog daily, "stay 'on her feet doing a lot of activity because of the holiday,'" and noted that Plaintiff "reported that her pain medication reduced her pain by at least 50% and she had the 'ability to perform normal daily activity and improved function with current regimen.'" Tr. 33.

Reversal and remand are required because the ALJ failed to indicate how, if at all, Dr. Venkataraman's opinions were or were not supported. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4 (D. Md. May 5, 2023) (noting that remand is required where an ALJ fails to assess the supportability of an opinion which, if "properly evaluated," may have altered the ALJ's disability determination); *Mary W. v. Comm'r of Soc. Sec.*, Civ. No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of . . . opinions, the ALJ needed to evaluate what the [physicians] said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to . . . consistency[.]"), *report and recommendation adopted sub nom. Wiseman v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022). This Court has noted that supportability must be considered independently from consistency. *See Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021) (recognizing that to consider supportability "in conjunction with" consistency "would conflate the nuances of those factors."); *Carlos F.*, 2023 WL 3293086, at *4-5 (finding that analysis of inconsistency between two opinions of one medical source was insufficient to assess supportability). Because no "reasonable mind" would accept that the ALJ adequately assessed the supportability of Dr. Venkataraman's opinion, the ALJ's finding that Dr. Venkataraman's opinion was partially persuasive lacks the support of substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

To be sure, a proper evaluation of Dr. Venkataraman's opinion may alter the disposition of Plaintiff's disability claims. For example, Dr. Venkataraman opined that Plaintiff could "stand and/or walk for 2 hours total[,]" and that an assistive device "should be used to alleviate pain, [and] prevent falls." Tr. 99, 113. These standing and walking limitations reflect a sedentary, rather than light, exertional level. *See* 20 C.F.R. § 404.1567; Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *5-6 (Jan. 1, 1983) ("Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday[.]"). The supportability, if any, of Dr. Venkataraman's opinion may affect whatever weight the ALJ assigned to that opinion and, in turn, the RFC and Plaintiff's disability determination. As Plaintiff asserts, had the ALJ found Plaintiff capable of only sedentary work based on whether such an opinion was supported, the ALJ would have been constrained by the Medical-Vocational Guidelines to find Plaintiff disabled based on her education, age, and work experience. ECF 10, at 16 (citing 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 201.12). Thus, remand is required.

Because the case is being remanded on other grounds, I need not address Plaintiff's other

*Sara H. v. Dudek*
Civil No. 23-3341-CDA
March 26, 2025
Page 5

arguments. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

V.     **CONCLUSION**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge